NITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PETER J. LAWSON,                                    **Docket No.:**

                                    *Plaintiffs,*

                                                    **COMPLAINT**
                                                    ***Jury Trial is Demanded***

          -against-

THE CITY OF NEW YORK, LIEUTENANT
ERICK C. ERDAIDE, in his individual and official
capacities; POLICE OFFICER EGEMEN AYOIN
(ID No. 961631), in her individual and official
capacities; JOHN DOES POLICE OFFICERS 1 &
2, in their individual and official capacities,

                                    *Defendants,*
-----------------------------------------------------------------X

          PLAINTIFF, PETER J. LAWSON, by and through his attorneys, STEINER & FISH

P.C., submits the following Complaint and states and alleges as follows:

## PRELIMINARY STATEMENT

          1.       This is a civil action seeking monetary relief, a declaratory judgement,

compensatory and punitive damages, disbursements, costs and fees for violations of the

Plaintiff's rights, brought pursuant to *42 U.S.C.* § 1983, false arrest, false imprisonment, and

negligence/gross negligence. These actions include federal and state-law claims.

          2.       Specifically, Plaintiff alleges that the Defendants (collectively and individually)

negligently, wantonly, recklessly, intentionally, unreasonably, and knowingly sought to and did

wrongfully deprive Plaintiff of his Constitutional and common law rights, pursuant to the above

mentioned statutes and causes of action, by committing acts under color of law and depriving the

Plaintiff of rights secured by the Constitution and laws of the State of New York.

          3.       Plaintiff alleges that Defendants (collectively and individually), their agents,

employees and servants unlawfully wrongfully detailed, illegally and unconstitutionally seized,

falsely arrested, intentionally and falsely imprisoned, falsely accused, harassed, defamed and maliciously claimed Plaintiff PETER J. LAWSON had a warrant for crimes, which Defendants knew or should have known Plaintiff PETER J. LAWSON did not have and did not commit.

4.      Plaintiff alleges that the Defendants (collectively and individually) were negligent in their failure conduct a proper investigation, or intentionally refused to consider exculpatory evidence that was in Defendants' own possession(s), and was readily available and/or easily obtainable. Furthermore, the defendants knew or should have known about the existence of said exculpatory evidence, but failed to review the evidence in violation of the plaintiffs' constitutional and civil rights.

5.      Plaintiff further alleges that Defendants (collectively and individually) were grossly negligent in training, hiring and supervising its Defendant Police Officers.

6.      Additionally, Defendants are liable to the Plaintiff for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the Defendant police officers, and by maliciously failing to investigate, and wrongfully arresting and unlawfully imprisoning Plaintiff PETER J. LAWSON.

7.      As a result of the defendants' actions (or lack thereof), Plaintiff PETER J. LAWSON was improperly subjected to a wrongful arrest and a period of wrongful imprisonment.

8.      Furthermore, Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees, lost wages, loss of employment, loss of prospective business and employment opportunities, loss of reputation and standing in the community and in his professional capacity, and other injuries/damages.

## JURISDICTION AND VENUE

9.     The jurisdiction of this Court is invoked under *28 U.S.C.* §§ 1331 and 1343.  This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

10.    Venue in the Eastern District of New York is proper under *28 U.S.C.* § 1391, based on the fact that the place where the events and violations occurred was Kings County.

## PARTIES

11.    PETER J. LAWSON ("LAWSON") is a 37-year-old male, who resides in Queens, New York.

12.    Upon information and belief, Defendant CITY OF NEW YORK ("Defendant CITY") is a duly constituted municipal corporation of the State of New York.  Upon information and belief, the CITY formed and has direct authority over several different departments including the NEW YORK CITY POLICE DEPARTMENT. These departments and/or the employees, agents or representatives of these departments are directly involved in violations that are the at issue in this Complaint.

13.    Upon information and belief, Defendants LIEUTENANT ERICK G. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631) were and/or are agents, officers, representatives, and/or police officers of the New York City Police Department at all times relevant to the Complaint.  Upon information and belief, each of the above were police officers assigned to the 84th Precinct located in Brooklyn, New York.  Defendants LIEUTENANT ERICK G. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631) were acting in furtherance of the scope of their employments, acting under color of law – to wit under color of statutes, ordinances, regulations, policies, customs and usages of the Defendant City of New

3

York.   Defendants LIEUTENANT ERICK G. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631) are being sued in their individual and official capacities.

14.     Upon information and belief, JOHN DOES POLICE OFFICERS 1 & 2, in their individual and official capacities, were and/or agents, officers, representatives, and/or police officers of the New York City Police Department at all times relevant to the Complaint. The OFFICERS were acting in furtherance of the scope of their employments, acting under color of law – to wit under color of statutes, ordinances, regulations, policies, customs and usages of the Defendant City of New York.

15.     The identities of OFFICERS JOHN DOES 1 & 2 are currently unknown to Plaintiff and are known to Defendant. These officers are also being sued in their individual and official capacities. Plaintiff reserves the right to amend the Complaint upon discovery of the names of the individual Officers/Detectives.

## FACTUAL ALLEGATIONS

16.     On or about August 7, 2019, at approximately 12:30 PM, Plaintiff PETER J. LAWSON was wrongfully and unlawfully placed into custody and arrested by Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 1961631), and POLICE OFFICERS JOHN DOES 1 & 2.

17.     On or about August 7, 2019, at approximate 12:25 PM, immediately prior to the wrongful and unlawful arrest, MR. LAWSON'S motor vehicle was struck by another motor vehicle.

18.     At that time, LIEUTENANT ERDAIDE, PO AYOIN, and PO JOHN DOES 1 & 2 responded to the intersection of Washington Street and Turk Street where the collision occurred.

4

19. At no time on the date and time of this incident was Mr. LAWSON engaged in any unlawful, illegal or disruptive behavior.

20. At no time relevant to this Complaint did MR. LAWSON have an open arrest warrant.

21. At all times relevant to this Complaint, MR. LAWSON acted in a lawful, peaceable, and respectful manner while out in public.

22. At no time did the Defendants LIEUTENANT ERICK G. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631) and POLICE OFFICERS JOHN DOES 1 & 2 have cause (reasonable or otherwise) to approach, stop, seize, arrest, and/or imprison MR. LAWSON.

23. Immediately Prior to placing MR. LAWSON into custody, LIEUTENANT ERICK C. ERDAIDE & POLICE OFFICER EGEMEN AYOIN (Shield No. 961631) informed MR. LAWSON that he had an open warrant for his arrest.

24. MR. LAWSON immediately responded that he did not have an open warrant. He requested clarification and further investigation. The Defendants refused his request.

25. Without making a reasonable inquiry of MR. LAWSON and/or without conducing a minimal investigation, Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2, immediately approached and interacted with Mr. LAWSON as though MR. LAWSON was acting in criminal manner – as opposed to being the recent victim of a motor vehicle collision.

26. Based upon information reasonably available to the Defendants at the time, Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID

No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2, should have, or would have with reasonable diligence, investigated and verified if a warrant actually existed.

27.     Based on information reasonable available to the Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2, they should have known, or would have known with reasonable diligence, that MR. LAWSON did not have a warrant for his arrest.

28.     Based upon information reasonably available to the Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2, they should have known, or would have known with reasonable diligence, that MR. LAWSON was only the victim of a motor vehicle collision.

29.     Based upon information reasonably available to Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2, they should have known, or would have known with reasonable diligence, that MR. LAWSON was not a threat to them or the public.

30.     Nonetheless, Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2 informed MR. LAWSON that he had an open warrant handcuffed him and placed him into custody.

31.     Defendant POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and JOHN DOE 1 transported MR. LAWSON handcuffed and in custody to the NEW YORK CITY's Police Department 84th Precinct where he was placed in a cell and held for approximately two-and one-half hours.

32.    Eventually, Plaintiff MR. LAWSON was informed by POLICE

OFFICER EGEMEN AYOIN (ID No. 961631), and JOHN DOE 1 that he was arrested in error

on a warrant that was issued in 1983 for a different  Mr. Lawson.

32.    Plaintiff MR. LAWSON was two years old in 1983 (the year the warrant he was

wrongfully arrested on was issued).

### AS AND FOR COUNT ONE
### 42 U.S.C. § 1983 MUNICIPAL LIABILITY

33.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs 1 through 32 of this Complaint with the same force and effect as though fully stated

again here.

34.    In actively inflicting and failing to prevent the above stated abuses incurred by

Plaintiff, the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the

slightest amount of due care to secure and protect the civil and constitutional rights of the

Plaintiff against illegal search and seizure, arrest, abuse, detained custody and other due process

violations.  These rights are guaranteed to Plaintiff by *42 U.S.C.* § 1983 and by the Fourth, Fifth,

and Fourteenth Amendment of the United States Constitution.

35.    The Municipal Defendant CITY OF NEW YORK, which governs, controls,

operates, manages, supervises, and created the NEW YORK CITY POLICE DEPARTMENT

has permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and

illegal abuses, false arrest, false imprisonment, of persons by its police officers, detectives and

law enforcement agents.

36.    Although such police conduct is improper, these incidents are routinely covered

up by the CITY OF NEW YORK, its agents, employees and servants by official claims that the

officers' use of harassments, false arrests and false imprisonments were justified and proper, or by acting on wrongly interpreted warrants against the persons, and Plaintiff, so falsely arrested so as to insulate the offending police offers and other officials.

37.     The above actions have been fully backed by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which have repeatedly and unreasonably sided with the wrongful arrest, unlawful imprisonment and abuse of persons, so effected in nearly all cases despite vast evidence of wrongdoing by its officers, including Plaintiff.

38.     Defendant CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT have repeatedly and continuously engaged in and/or allowed is police officers, such as Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631) and POLICE OFFICERS JOHN DOES 1 & 2, to knowingly and willingly subject civilians to wrongful and unlawful arrests on non-existing arrest warrants, wrongly interpreted arrest warrants, misunderstand arrest warrants, with no investigation or clarification thereby imposing unlawful arrests and imprisonments with immunity.

39.     As a direct result of the CITY OF NEW YORK's and the NEW YORK CITY POLICE DEPARTMENT's policy and practice of condoning wrongful and unlawful arrests based on non-existing arrest warrants, wrongly interpreted arrest warrants, misunderstand arrest warrants and in allowing its police officers, such as Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2 to make false arrests against innocent individuals, the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT have subjected PETER J. LAWSON to a violation of section 1983.

8

40.     Additionally, the CITY OF NEW YORK has systematically failed to identify the improper abuse and misuse of alleged open warrants in individuals placed under arrest.  The CITY OF NEW YORK's refusal to train, supervise, instruct, discipline, and assure that the repeated abuses of its police officers was properly addressed, constituted deliberate indifference to the rights, safety, and dignities secured by the public at large, including Plaintiff.  As a directl result, its police officers continually arrest without probable cause, and subject individuals including Plaintiff, to unlawful arrest and imprisonment.

41.     The behavior the Defendant CITY OF NEW YORK that occurred in this case, where its agents, employees and servants failed to sufficiently investigate the truthfulness and accuracy of the arrest warrant and instead acted under color of statute to knowingly, recklessly and/or negligently impose a false arrest and unlawful imprisonment upon the Plaintiff PETER J. LAWSON.

42.     By permitting and assisting such a pattern of police misconduct, the Defendant CITY OF NEW YORK acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights; to wit the Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2 were encouraged by the Defendant CITY OF NEW YORK to believe that their actions against the Plaintiff PETER J. LAWSON would be accepted just as these actions have been so accepted to date.

43.     As a consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiff was deprived of his freedom(s) and emotionally harmed, to the extent of which he

suffered from permanent injuries, emotional anguish, special damages, legal fees/costs/expenses, loss of employment, depression, sleeplessness, anxiety, and related emotional distress.

44.     As a direct consequence of the actions of the collective Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2, MR. LAWSON suffered loss of employment, loss of employment opportunity, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to name and reputation, special damages, attorney's fees, medical fees/costs, incidental fees/costs, and other financial impairments.

45.     That by reason of the above, Plaintiff has been damaged in the sum of one million dollars ($1,000,000.00) – not including the cost of this action, attorneys fees pursuant *42 U.S.C.* § 1988, and punitive damages.

## AS AND FOR COUNT TWO

### 42 U.S.C. § 1983 FALSE ARREST and UNLAWFUL IMRISONMENT

46.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint with the same force and effect as though fully stated again here.

47.     The Defendants lacked reasonable suspicion to stop and detain the Plaintiff PETER J. LAWSON and further lacked any probable cause to arrest him, cause him to be arrested, and/or to retain him in custody.

48.     Without such probable cause, Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2 wrongfully arrested, detained and unlawfully imprisoned the Plaintiff PETER J. LAWSON.  During that time, Plaintiff was physically prevented from leaving the custody and

kept there under the supervision and knowledge of the Defendants without access to his freedom, family and home.

49.     Under color of law, the Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2 deprived Plaintiff PETER J. LAWSON of his rights to protection from unlawful search and seizure by falsely arresting Plaintiff.

50.     The Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2 acted under color of law to deny the Plaintiff PETER J. LAWSON his constitutional rights to due process and freedom from seizure, by wrongfully detaining him without providing any reasonable basis and/or investigation warranting arrest.

51.     As a direct consequence of the actions of the Defendant's LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2 – acting in furtherance of their duties as agents of the CITY OF NEW YORK, MR. LAWSON suffered loss of employment, loss of employment opportunity, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, arrest record, damage to name and reputation, special damages, attorney's fees, medical fees/costs, incidental fees/costs, loss of property and other financial impairments.

52.     That by reason of the above, Plaintiff has been damaged in the sum of one million dollars ($1,000,000.00) – not including the cost of this action, attorneys fees pursuant *42 U.S.C.* § 1988, and punitive damages.

**AS AND FOR COUNT THREE**
*42 U.S.C.* **§ 1983 – FOURTH, FIFTH, FOURTEENTH AMENDMENT**
**and violation(s) of Plaintiff PETER J. LAWSON Substantive Due Process Rights**

53.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 52 of this Complaint with the same force and effect as though fully stated again here.

54.     The Defendants knew or should have the false arrest, and wrongful imprisonment of Plaintiff violated PETER J. LAWSON'S various rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments.

55.     Each of the Defendants had the authority, ability and concurrent duty under the Fourth, Fifth and Fourteenth Amendments to prevent the false arrest and wrongful detainment of the Plaintiff PETER J. LAWSON, yet neglected to prevent the violations from occurring, and further failed to intervene to protect or aid the Plaintiff when the violations did in fact occur.

56.     The DEFENDANTS' failure to stop these wrongful actions constitutes a breach of their duty, as public servants acting under the color of law, to do so under the Fourth, Fifth and Fourteenth Amendments.

57.     Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2 knew or should have known that the intentional and/or grossly negligent unlawful arrest and false imprisonment and other abusive actions against Plaintiff PETER J. LAWSON were violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and substantive due process rights under the Constitution.

58.     Defendants' false arrest and false imprisonment, confinement of Plaintiff PETER J. LAWSON from his family and friends while in custody violated Plaintiff's substantive due process rights to bodily integrity, familial association, access to the courts, access to his counsel,

life, liberty, and property, as well as Plaintiff's rights to be free from cruel and unusual punishment.

59.     Defendant CITY OF NEW YORK'S position of taking no action and refusal to discipline the DEFENDANT OFFICERS for their misconduct against Plaintiff is neglectful of their duty to prevent the further violation of Plaintiff's right to compensation under *42 U.S.C. § 1983*.

60.     As a direct consequence of the actions of the Collective Defendants, MR. LAWSON suffered loss of employment, loss of employment opportunity, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, damage to name and reputation, special damages, attorney's fees, medical fees/costs, incidental fees/costs, loss of property and other financial impairments.

61.     That by reason of the above, Plaintiff has been damaged in the sum of one million dollars ($1,000,000.00) – not including the cost of this action, attorneys' fees pursuant *42 U.S.C. § 1988*, and punitive damages.


## PUNITIVE DAMAGES ARE APPROPRIATE
### *(As To The Individual Defendants Only, Not Municipal Defendant City Of New York)*

62.     The acts of the individual Defendants LIEUTENANT ERICK C. ERDAIDE, POLICE OFFICER EGEMEN AYOIN (ID No. 961631), and POLICE OFFICERS JOHN DOES 1 & 2 were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm Plaintiff, without regard for Plaintiff's well-being, and were based on a lack of concern and ill-will towards Plaintiff. These acts therefore deserve an award of Twenty Million Dollars ($20,000,000.00) as punitive damages.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants:

a)   As for Count One in the sum of one million ($1,000,000.00) dollars;

b)   As for Count Two in the sum of one million ($1,000,000.00) dollars;

c)   As for Count Three in the sum of one million ($1,000,000.00) dollars;

d)   Punitive damages in the amount of five million dollars ($5,000,000.00);

e)   costs and attorneys fees pursuant to *42 U.S.C.* § 1988 and as otherwise allowed by

     law; and

f)   Any and all other relief this Court deems appropriate and just.

Dated: Brooklyn, New York
       August 21, 2019

                          Respectfully submitted,

                          STEINER & FISH P.C.

By:

                          NORMAN STEINER (NS6577)
                          Attorneys for Plaintiff
                          130 Water Street
                          Brooklyn, NY 11201
                          (212) 869-1040